UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRANDON TILLMAN #220890          CIVIL ACTION NO. 23-cv-1431

VERSUS          JUDGE TERRY A. DOUGHTY

JULIAN WHITTINGTON ET AL          MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Brandon Tillman ("Plaintiff") is a self-represented inmate who filed this civil action against the Bossier Parish Sheriff and two deputies. After motion practice, the only remaining claims are against the two deputies for failure to protect from an attack by a fellow inmate. This order addresses the effect of Plaintiff's delay in producing discovery responses. After due consideration, and for the reasons that follow, the court will proceed toward a jury trial to resolve the outstanding claims.

Earlier in the case, Defendants filed a motion to compel with respect to certain interrogatories and requests for production of documents. Plaintiff had served responses, but many of his answers merely referred to his complaint, objected based on medical privilege, or objected based on other grounds.

The court issued a memorandum order (Doc. 48) that granted the motion to compel and allowed Plaintiff until July 12, 2024 to serve defense counsel with supplemental responses. Plaintiff appealed the order to Judge Doughty, who affirmed in July 2024. Doc. 53.

After the discovery period ended and a dispositive motion was resolved, the court ordered the parties to file pretrial statements in anticipation of a jury trial. Doc. 62. Those statements were filed in November and December of 2024. The court then set a trial date of June 30, 2025 and scheduled a pretrial conference for June 3, 2025.

Defendants did not complain of Plaintiff's compliance with the prior discovery orders in the several months that had passed. But, a few days before the scheduled pretrial conference, they filed a notice (Doc. 83) stating that Plaintiff had not served any supplemental discovery responses as ordered by the court almost a year earlier.

The court postponed the pretrial conference and ordered Plaintiff to, by June 16, 2025, (1) serve defense counsel with supplemental responses to the outstanding discovery requests as addressed in the prior memorandum order and (2) file a memorandum with the court in which he states whether he has complied with that obligation and explains why his case should not be dismissed for failure to comply with an order of the court.

The June 16, 2025 deadline passed without any filing by Plaintiff. Defendants submitted a notice (Doc. 85) that indicated they received on June 9, 2025 supplemental responses. Those responses, however, suffered from many of the same deficiencies noted in the original order. Plaintiff merely referred to his complaint or stated that discovery is ongoing (it is not) in response to several of the interrogatories.

Plaintiff eventually filed a response (Doc. 87) that he dated June 23, 2025 (a week after his deadline) in which he complained about his difficulty in providing some of the answers because of his incarceration. For example, he said that he could not produce medical records, but he did sign a medical waiver that allowed Defendants to obtain the

records. Plaintiff also stated that he had no way of knowing the address and phone number of certain potential witnesses, including a detective and some inmates who are now incarcerated at other facilities.

Plaintiff went on to provide, for the first time, reasonable responses to Interrogatories Nos. 2-7. Those responses address most of the discovery requests about which Defendants complain in their most recent notice. The other discovery requests either fall in the category of "any and all evidence" requests that the court said in the original order were overly broad, or the same information (exhibits and witnesses) was required to be included in Plaintiff's pretrial statement.

Plaintiff has now provided Defendants with reasonable responses to their various discovery requests that, when combined with Plaintiff's pretrial statement, should prevent Defendants from suffering any surprises at trial. Plaintiff's most recent filing was a week past the deadline, and it took a good deal of prodding to produce. On the other hand, Defendants waited almost a year before they complained about the lack of compliance with the original order. If not for that delay in raising the issue, the originally scheduled June 2025 trial likely would have been completed by now. After considering the record as a whole, the court finds that the best exercise of its discretion in these circumstances is to proceed forward with the case for a decision on the merits. A separate order will issue in due course regarding the setting of a jury trial and a telephone pretrial conference.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of July, 2025.

Mark L. Hornsby
U.S. Magistrate Judge